IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NEBRASKA BEEF, LTD., ) | |
| ) | 8:03CV174 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| UNITED STATES DEPARTMENT ) | |
| OF AGRICULTURE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on defendant United States Department of Agriculture's ("USDA") renewed motion to dismiss plaintiff's amended complaint, Filing No. 77. This is a case about an alleged breach of contract, and jurisdiction is proper in this case under 28 U.S.C. § 1331, permitting this court original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

**FACTS**

On January 14, 2003, Nebraska Beef filed an action against the USDA seeking a temporary restraining order and a preliminary and permanent injunction for constitutional and administrative violations related to the USDA's enforcement of the Federal Meat Inspection Act (FMIA). The court granted a temporary restraining order and prior to the preliminary injunction hearing, the parties reached a settlement agreement. The parties entered into a "Consent Decision and Order" that included a provision that the Food Safety and Inspection Service would act in accordance with the law in carrying out mandates under FMIA, and that personnel would carry out their responsibilities in a fair and unbiased manner. Filing No. 20, p. 15 ("Exhibit A").

Nebraska Beef, a Nebraska corporation, brought this and a related suit (8:03CV175) against the USDA contending that since the time of settlement, the USDA has issued Nebraska Beef over fifty-eight noncompliance reports for alleged failure to operate its business in accordance with federal regulations.  According to Nebraska Beef, the USDA's inspection personnel have engaged in unfair, biased, arbitrary, and capricious conduct in creating "conditions in [Nebraska Beef's] plant for which the inspection personnel can issue [noncompliance reports]."  Filing No. 20.  In its amended complaint, Nebraska Beef asserts three claims:  breach of settlement agreement, violation of rights to due process, and that the USDA has acted ultra vires.  Nebraska Beef specifically contends that two plans are ultra vires:  the Hazard Analysis and Critical Control Point ("HACCP") system, which requires Nebraska Beef to determine the food safety hazards reasonably likely to occur in the production process and the preventative measures that can be applied to control such hazards; and the Sanitary Standard Operating Procedures ("SSOP") plan requiring that Nebraska Beef document and maintain records regarding various sanitation activities.

Nebraska Beef requests that the court grant the following relief: enter an injunction prohibiting the USDA from acting unreasonably, unfairly, arbitrarily or capriciously in carrying out its meat inspection duties at plaintiff's plant pursuant to the FMIA; declare the January 27, 2003, consent decision null, void, and of no legal effect as the USDA has allegedly breached the settlement agreement; enjoin the USDA from taking any further action to enforce or interpret the consent decision and its terms; enjoin the USDA from taking any regulatory action against Nebraska Beef, by suspension, withholding or withdrawal of inspection based on any event occurring at Nebraska Beef prior to May 2, 2003; and finally, enter an order declaring the federal regulations requiring Nebraska Beef

2

and other entities similarly situated, to maintain HACCP and SSOP plans ultra vires and beyond the scope of authority granted the USDA by the FMIA.  Filing No. 20.

The USDA previously filed a motion to dismiss, Filing No. 9, and the court denied the motion.  Filing No. 31.  *See also* Filing Nos. 23 & 37.  Thereafter, the USDA filed a motion to certify order for interlocutory appeal and to stay the proceedings, as an interlocutory appeal had been filed in a related suit, *Nebraska Beef, Ltd. v. Greening*, 8:03cv175, and had been consolidated with this case for purposes of discovery.  Filing No. 40.  *See also* Filing No. 36.  The court denied the motion for interlocutory appeal, but granted leave to stay the proceedings pending resolution of the *Nebraska Beef v. Greening* case.  Filing No. 47.  After the United States Supreme Court denied writ of certiorari in the *Greening* case, the magistrate judge lifted the stay in the case at bar.  Filing No. 70.  *See Neb. Beef, Ltd. v. Greening*, 126 S. Ct. 1908 (2006); *Neb. Beef, Ltd. v. Greening*, 126 S. Ct. 2961 (2006).  The USDA then filed its renewed motion to dismiss at issue, Filing No. 77, and Nebraska Beef opposes the motion.  Filing No. 84.

**Legal Standards**

      **A.    Federal Rule of Civil Procedure 12(b)(6)**

In reviewing a complaint on a Rule 12(b)(6) motion, the court must consider all of the facts alleged in the complaint as true, and construe the pleadings in a light most favorable to the plaintiff.  *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005).  A dismissal is not granted lightly.  "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief."  *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).  When accepting the facts of the

complaint as true, a court will not "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (*citing Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Therefore, a dismissal under Rule 12(b)(6) is granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief," *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999), such as a missing allegation about an element necessary to obtain relief or an affirmative defense or other bar. *See generally Doe v. Hartz*, 134 F.3d 1339, 1341 (8th Cir. 1998).

**B.    Federal Rule of Civil Procedure 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a court is required to dismiss a claim if the court lacks subject matter jurisdiction over it. However, a dismissal based on lack of subject matter jurisdiction will not be granted lightly. *Wheeler v. St. Louis S.W. Ry.*, 90 F.3d 327, 329 (8th Cir. 1996). For the court to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction. *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003). In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Id.*

### C. Exhaustion

The USDA argues that this court is without jurisdiction because Nebraska Beef has not exhausted its administrative remedies. The relevant statute, 7 U.S.C. § 6912(e), provides that a person shall exhaust all administrative appeal procedures before the person may bring suit against the USDA, its officers, or employees. 7 U.S.C. § 6912 (2007). The Eighth Circuit has analyzed § 6912(e) and concluded that "§ 6912(e) is nothing more than a codified requirement of administrative exhaustion and is thus not jurisdictional." *Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp.*, 440 F.3d 992, 999 (8th Cir. 2006) (internal quotations omitted). Accordingly, a party may be excused from exhausting administrative remedies if the complaint involves a legitimate constitutional claim, if exhaustion would cause irreparable harm, if further administrative procedures would be futile, or if the issues to be decided are primarily legal rather than factual. *Ace Prop. & Cas. Ins. Co.*, 440 F.3d at 1000. This court previously found that "claims that involve the constitution and statutory authority do not require exhaustion." Filing No. 31. As such, the court again finds that it has subject matter jurisdiction over this case as Nebraska Beef has asserted legitimate violations of its due process rights and alleged that the administrative process is unconstitutional. The court denies the USDA's motion based on failure to exhaust.

### D. Breach of Contract

In its brief, Nebraska Beef agrees to dismiss its first cause of action, breach of contract, because the claim for breach of the settlement agreement is mooted by its expiration date. The court accepts dismissal of the breach of contract claim.

5

### E.     Due Process

The Due Process Clause provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.  The USDA contends that Nebraska Beef's due process allegations fail as a matter of law because Nebraska Beef cannot demonstrate what property, if any, has been taken.  The USDA argues that Nebraska Beef's only allegation of property deprivation is the USDA's retention of 375 beef carcasses that were then passed for sale.  Filing No. 78.  According to the USDA, even if this constituted a taking, a post-deprivation remedy was available to Nebraska Beef, namely, appeal of the noncompliance reports.  Nebraska Beef, however, alleges that it lost production time costing millions of dollars in product, has suffered damage to its reputation, and has strained customer and employee relations.  Nebraska Beef argues that no post-deprivation remedy exists for these losses, and in accordance with its previous Memorandum and Order, this court again agrees that Nebraska Beef has alleged sufficient violations of due process.

### F.     Ultra Vires

Nebraska Beef contends that FMIA does not grant the USDA the authority to impose and enforce the HACCP and SSOP programs.  According to the USDA, such arguments are without merit.  The court previously determined that whether these regulations exceed statutory authority is a legal question.  Filing No. 31.  For purposes of the motion to dismiss, the court previously found that Nebraska Beef adequately pled its ultra vires claim and granted Nebraska Beef the time necessary to develop a sufficient factual record prior to addressing legal arguments.  *Id.*  The court stands by its previous determination and finds that at this stage of the proceedings, and taking those facts alleged in the amended

6

complaint as true, that Nebraska Beef has sufficiently pled allegations of the USDA acting ultra vires.

This case, in one form or another, has languished in this court since 2003. The court suggests that the parties expeditiously complete discovery to allow this court to make a decision on the merits.

ACCORDINGLY, IT IS ORDERED that

1. Defendant USDA's renewed motion to dismiss plaintiff's amended complaint, Filing No. 77, is denied.

2. As set forth herein and by concession of the parties, Nebraska Beef's first claim, breach of settlement agreement, is dismissed without prejudice.

DATED this 15th day of August, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge